Argued February 22, reversed and
remanded April 2, 1979

STATE OF OREGON, *Appellant,*
*v.*
ALLEN TRON, *Respondent.*
(No. 78-106C, CA 12002)

592 P2d 1094

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

The state appeals from the trial court's granting of a defense motion dismissing charges against the defendant. Defendant was charged by information with escape in the first degree (ORS 162.165), assault in the second degree (ORS 163.175), and assault in the fourth degree (ORS 163.160). The trial court allowed a defense motion requiring the state to elect between the assault and escape charges. Contending it was not required to make the election, the state refused to proceed to trial and the charges were dismissed. We reverse and remand.

We have previously examined the issue before us in *State v. Girard*, 34 Or App 85, 578 P2d 415 (1978) and *State v. Fitzgerald*, 14 Or App 361, 513 P2d 817 (1973). The defendant in *Girard* was convicted of both escape and assault and contended that the state should have been required to elect between the two crimes in making its charge. Although we stated in *Girard* that we had previously held in *Fitzgerald* that a person could not be *charged* with both attempted first degree escape and first degree assault, this language was dictum since both cases actually hold that a person cannot be *convicted and sentenced* for both offenses.

Separate convictions for both crimes are prohibited because "the interest protected by the use-of-force element of escape and the assault statutes is exactly the same." *State v. Girard, supra*, 34 Or App at 94. The defendant argues that this prohibition means that the prosecution must elect between the charges before the case goes to the jury for decision. However, such a forced election is not necessary in order to uphold the prohibition against separate convictions. In fact, we stated in *Fitzgerald* that the prosecution could make the escape and assault charges as alternative counts in the same instrument as was done here. 14 Or App at 376. The time to deal with merger, if at all, is after the verdict.

Reversed and remanded.