Argued and submitted March 19,
reversed and remanded June 30, 1980

## STATE OF OREGON,
*Respondent,*
### v.
## DANE ANDREW RITCHEY,
*Appellant.*

(No. T7902-0460, CR 79-0196, CA 15844)

613 P2d 501

William B. Aitchison, Portland, argued the cause for appellant. With him on the brief was Jolles, Sokol & Bernstein, P.C., Portland.

John C. Bradley, Assistant Attorney General, argued the cause for respondent. With him on the brief

were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his jury convictions of assault in the fourth degree, ORS 163.160(1),[1] and careless driving, ORS 487.235(1).[2]

As the result of a motor vehicle accident, defendant was charged with assault in the fourth degree and reckless driving, ORS 487.550(1).[3] After the cause was submitted, the jury requested further instructions. The following colloquy in open court ensued:

"BY THE COURT: The Jury has submitted a question in writing to the Court and it is as follows:

" 'If the Defendant is found guilty of carelessness only, can he also be found guilty in the assault charge?'

"BY THE COURT: Now, Mr. Foreman, by careless, do you mean the charge of careless driving? Is that what's meant by that?

"UNIDENTIFIED VOICE: Yes.

"THE COURT: The answer to that question is yes, provided that the State has made out its case in the assault charge beyond a reasonable doubt as I have previously defined * * *.

"BY MR. JOLLES [Counsel for Defendant]: At this time your Honor the Defendant would except to the Court's answer to the Jury's inquiry having

---

[1] ORS 163.160(1)(a):

"(1) A person commits the crime of assault in the fourth degree if he:

"(a) Intentionally, knowingly or recklessly causes physical injury to another * * *."

[2] ORS 487.235(1):

"A driver shall not drive a vehicle upon a highway or premises open to the public, as defined in subsection (2) of ORS 487.535 in a manner that endangers or would be likely to endanger any person or property."

[3] ORS 487.550(1):

"A person commits the crime of reckless driving if he drives a vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others."

answered it in the affirmative on the ground that having found the Defendant guilty of carelessness or careless driving only, he cannot be guilty of the crime of assault which requires reckless conduct * * *".

The jury subsequently returned verdicts of guilty on the offenses of careless driving and of fourth-degree assault.

The dispositive issue here is whether the court's instruction that defendant could be found guilty of both assault IV and careless driving was a correct statement of the law.[4]

In the present case, both the charges of reckless driving and of fourth-degree assault were predicated on recklessness. For purposes of assault in the fourth degree, ORS 163.160(1), reckless conduct means:

"* * * [T]hat a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9).

For reckless driving, ORS 487.550(1), recklessness is defined as driving "a vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others." As can be seen from these definitions, "recklessness" under ORS 163.160(1) and ORS 487.550(1) implies a culpable mental state. The

---

[4] Upon receipt of the verdict, defendant unsuccessfuly moved the court to arrest the judgment of conviction of the crime of assault IV on the ground that the verdict was logically inconsistent. On appeal defendant assigns as error the denial of that motion. Although we question the propriety of such a motion on the grounds urged, ORS 136.500; ORS 135.630; ORS 135.640, we need not reach this issue due to our disposition of this case.

Defendant also assigns as error the trial court's denial of his motion to require the state to elect between the assault IV charge and the reckless driving charge before submitting the case to the jury, contending that the doctrine of merger applies. Even if the doctrine of merger were applicable, the time to deal with merger is after the verdict. *State v. Tron,* 39 Or App 603, 605, 592 P2d 1094 (1979).

[874]

state contends that these definitions set forth two different standards for reckless conduct. We do not agree. Any attempt to rationally distinguish these two definitions would be merely an exercise in semantics. Accordingly, we hold that the criminal culpability standard for reckless conduct is the same for both reckless driving and fourth-degree assault.

Moreover, the only difference between careless driving and reckless driving is in the element of wilfulness or wantonness, i.e., culpable intent. If the jury found defendant guilty of careless driving, it would be required to acquit him of reckless driving, ORS 131.515(3).[5] Thus, in view of the fact that the culpability standards for reckless driving and fourth-degree assault are the same, it follows that if a defendant is not guilty of reckless conduct for reckless driving purposes, he could not be guilty of reckless conduct for assault purposes in charges arising from the same driving episode.[6]

In conclusion, we hold that the instruction given was erroneous. It was obviously prejudicial to the defendant, and we reverse and remand for a new trial. *See State v. Smith,* 260 Or 349, 490 P2d 1262 (1971); *see also State v. Washington,* 273 Or 829, 543 P2d 1058 (1975).

Reversed and remanded.

---

[5] ORS 131.515(3):

"Except as provided in ORS 131.525 and 131.535:

"* * * * *

"(3) If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. *A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense,* although the judgment of conviction is subsequently reversed or set aside." (Emphasis supplied.)

[6] In the present case, the only element that was in dispute, as to both the charge of reckless driving and of assault, was the element of culpable intent.