Argued and submitted September 15, 1981, affirmed February 8,
reconsideration denied March 23,
petition for review denied May 18, 1982 (293 Or 146)

# STATE OF OREGON,
## *Respondent,*

## *v.*

# CLIFTON WILLIAM GRIFFIN,
## *Appellant.*

## (No. M2537, CA A21307)

640 P2d 629

Phillip M. Margolin, Portland, argued the cause and filed the brief for appellant.

R. Wayne Torneby, Certified Law Student, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, Christine Dickey, Assistant Attorney General, and Barbara Jacobson, Certified Law Student, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOHN JOSEPH, C. J.

■     Defendant appeals his conviction for reckless driving. ORS 487.550.[1] The issue is whether the state proved the requisite culpable mental state for conviction. Because defendant assigns as error denial of his motion for judgment of acquittal, we view the evidence most favorably to the state. *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1977).

At 7 p.m. on October 29, 1980, a police officer observed defendant's car going north on 14th Avenue between Morrison and Stark Streets in Portland. Washington High School, located on the southwest corner of 14th and Stark, was the scene of a function that evening, so 14th Avenue was lined on both sides with parked cars and pedestrians were attempting to cross the street. The officer followed the car about four blocks and saw it drift to within three to four inches of parked cars several times and then swerve toward oncoming traffic. Three vehicles coming toward defendant's car were forced to pull over to avoid collisions.[2] The officer estimated defendant's speed to have been between 10 and 15 miles per hour.

After he was pulled over, defendant left his car and walked toward the patrol car, using the side of his car for support. The officer detected an odor of alcohol on defendant's breath from a distance of three to four feet. Defendant stuttered quite a bit and repeated some of his words "over and over." He had trouble removing his driver's license from his wallet and was shaking (which he claimed was not due to the cold). He told the officer that he had had two glasses of beer and could feel the effects a little bit, but not enough to stop him from driving. He did not consider himself drunk because, he said, if he were drunk, he would

---

[1] At the time of defendant's arrest and conviction, ORS 487.550 provided:

"(1) A person commits the crime of reckless driving if he drives a vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others.

"(2) Reckless driving is a Class B misdemeanor."

[2] The officer estimated that the street could accommodate three cars side by side between the parked cars. It had no painted center line.

not have been able to get into his car because he would not have been able to walk to it. He also told the officer that he could not have more than five beers a day because of a condition which required him to take heart pills and breathing tablets.

After being taken into custody for driving under the influence of intoxicants, defendant consented to a breath test, which was administered at the police station. However, defendant was not charged with driving under the influence of intoxicants, ORS 487.540, nor were the results of the breath test offered into evidence. The trial court, sitting without a jury, found that defendant's erratic driving and his physical problems, combined with his drinking, constituted reckless driving. (In addition to imposing a $100 fine and suspending it, the judge ordered defendant to attend alcohol school.)

■ ■ The kind of recklessness required for conviction under ORS 487.550(1) is the same as set forth under ORS 161.085(9), which provides that "reckless conduct" means:

> "* * * [T]hat a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

*State v. Ritchey*, 46 Or App 871, 874-75, 613 P2d 501 (1980). It is incorrect to assume that, because voluntary intoxication may render a driver unaware of any injuries or damages he may have in fact caused as a result of his drunkeness, he is also unaware of the substantial risks that are created by drinking and driving. "Recklessness" includes driving while under the influence of intoxicants.[3] *See State v. Corpuz*, 49 Or App 811, 816-17, 621 P2d 604 (1980); *see also*, ORS 161.125(2). That defendant was not formally charged with driving under the influence did not preclude the trier of fact from concluding that defendant was driving in that condition.

---

[3] Moreover, the courts have consistently held that driving while intoxicated can constitute gross negligence. *See e.g., State v. Montieth*, 247 Or 43, 417 P2d 1012 (1967), *and State v. West*, 1 Or App 41, 458 P2d 706 (1969).

■ Furthermore, while the probability of loss of control of a vehicle (and hence risk of injury) increases with the speed at which it is traveling, reason does not compel the conclusion that one cannot *slowly* drive "carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others." The slow speed at which defendant was driving may not have been a "gross deviation from the standard of care that a reasonable person would observe in the situation" of being intoxicated. However, defendant's "deviation" was his willingness to drive at all under circumstances which rendered his driving a danger to others. Given defendant's physical state and his slow, but nonetheless hair-raising, near misses with parked cars and oncoming traffic in an area congested with activity, the trial court had sufficient evidence to conclude that defendant's driving was reckless.

Affirmed.