Argued and submitted September 20, conviction for reckless driving reversed and remanded for new trial; otherwise affirmed December 12, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK S. LUKE,
*Appellant.*

(88-3810; CA A61063)

802 P2d 672

Kevin T. Lafky, Salem, argued the cause for appellant. With him on the brief was Lafky & Lafky, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and De Muniz, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals from his convictions for driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving. ORS 811.140. We reverse the reckless driving conviction and otherwise affirm.

On September 2, 1988, defendant drove from Salem to the coast on Highway 20 in a vehicle owned by his passenger, Rosgen. Schmidt, a sergeant in the Lincoln County Sheriff's office, was off duty and was also traveling on Highway 20 with his wife on their motorcycle. At around 11:15 p.m., Schmidt stopped at Almaker Park so that his wife could put on her riding suit. Shortly after they stopped, defendant pulled into the park and drove between Schmidt's bike and the curb, a space of approximately six or seven feet. As he drove by, defendant spoke to Schmidt out of his window, and the officer smelled the odor of beer. Defendant parked his car and got out. Schmidt noticed that he was walking like he was intoxicated. Defendant talked to Schmidt and his wife about their destination and about their bike. Schmidt noticed that defendant was giddy and would laugh at inappropriate things. Defendant went into the restroom and then again approached Schmidt and asked where he was going. Schmidt believed that defendant was intoxicated and decided to wait for him to leave the park first. As defendant drove out of the park toward Newport, he ran a stop sign.

Traffic on the highway was moving slowly, and Schmidt caught up to defendant's car not far from the park. Schmidt saw defendant crossing over the fog line in a weaving pattern while driving with one arm around Rosgen. He also pulled out into the oncoming lane on an uphill curve where the center line was a double stripe and stayed in that lane long enough to pass approximately ten cars and two trucks. Schmidt observed that, if there had been oncoming traffic, there was no room for the other cars to pull over or take evasive action, because there was no shoulder on the road, only a steep downgrade to railroad tracks.

Schmidt obtained the license number of the car that defendant was driving and filed a report. A complaint was sworn on October 20, 1988, charging driving while under the influence of intoxicants and reckless driving. After a jury trial, defendant was convicted on both charges. He appeals.

■     Defendant first assigns error to the trial court's granting of the state's motion *in limine,* which excluded testimony by his only witness, Rosgen, that the prosecutor had threatened to prosecute her for perjury if she were to testify contrary to the facts as he believed them to be. Defendant argues that the testimony should have been allowed, because the prosecutor's attempt to affect Rosgen's testimony was relevant to the jury's determination of the credibility of the witness' testimony, as well as the state's entire case.

The state argues that defendant did not make an offer of proof, so the record provides no meaningful way to review defendant's contention. It also argues that, on its merits, defendant's argument must be rejected, because the testimony was irrelevant and hearsay. The state claims that it was irrelevant, because nothing in the record indicates that defendant would have gained an advantage from the testimony. In fact, it contends that defendant would not have benefitted at all from telling the jury that the prosecutor believed defendant's only witness to be so incredible that he would consider charging her with perjury. Moreover, it argues that defendant did not offer any reason why the testimony would not be excluded as hearsay.

OEC 103(1)(b)[1] provides that prejudicial error on a ruling excluding evidence must affect a substantial right of the complaining party and, further, that the substance of the excluded evidence must be made known to the court by an offer, unless the error is apparent from the context of the questions asked and objected to. *State v. Affeld,* 307 Or 125, 128, 764 P2d 220 (1988). Defendant's counsel specifically stated to the judge on the record what the witness would say if she were permitted to testify and what he expected to prove by the testimony. Defense counsel placed the argument on the record after the state's motion was heard and ruled on in chambers. That was done expressly for the purpose of appeal and was a proper offer of proof.

---

[1] OEC 103(1)(b) provides, in part:

"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:

"* * * * *

"(b) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

Defendant wanted to question the witness on direct examination about the prosecutor's purported threat. The relevance of the questioning to the witness' credibility would depend on whether and how the prosecutor's statements affected her testimony. She testified about the events leading up to defendant's encounter with Schmidt and what she perceived about his driving after they left the park. Her testimony did not substantially differ from what defendant said about the same things. Defense counsel did not try to show that she had changed her story from what she previously told him. Therefore, the witness' credibility[2] was not placed in issue during direct examination and the prosecutor's statements to her were not relevant.

■       Defendant's last assignment of error[3] is that the trial court erred in giving the jury this instruction:

"The term 'recklessly' includes driving while under the influence of intoxicants."

Defendant argues that the effect was to direct a verdict of guilty of reckless driving, if the jury were to find defendant guilty of DUII. He argues that the state had to prove beyond a reasonable doubt that he was driving on a public highway, that he was reckless and that his driving endangered the safety of persons or property. ORS 811.140. Under the instruction, defendant contends that his manner of driving was rendered irrelevant. He does not argue that the instruction itself is an incorrect statement of law, but that the instruction very likely misled the jury to defendant's prejudice. *See State v. Wood*, 34 Or App 569, 573, 579 P2d 294, *rev den* 284 Or 80-a (1978). He also argues that *State v. Griffin*, 55 Or App 849, 852, 640 P2d 629 (1981), *rev den* 293 Or 146 (1982), which is the case from which the instruction was taken, is distinguishable from this case. The defendant there was charged only with reckless driving, and the only issue was whether evidence that he had been drinking was relevant to prove the requisite mental state of recklessness. Defendant also points out that the conviction was upheld only because this court ascertained that there was

---

[2] We note that, if defense counsel's purpose was to impeach the witness' testimony, the questioning would not have complied with OEC 607.

[3] Defendant's second and third assignments of error were not preserved. *See State v. Montez*, 309 Or 564, 601, 789 P2d 1352 (1990).

sufficient evidence on the defendant's manner of driving. *State v. Griffin, supra,* 55 Or App at 853.

The state contends that, because the instruction was given with uniform jury instructions on reckless driving[4] and the definition of recklessly,[5] it could not have misled the jurors. It also contends that any possible confusion of the jury was avoided, because the prosecutor emphasized in his closing argument that, when a person drives under the influence of intoxicants, it does not also mean that person is guilty of reckless driving.

We conclude that the jury could have been misled by the instruction if, after finding defendant guilty of DUII, it believed that that finding was equivalent to a determination that he was guilty of reckless driving. It was told that "recklessly includes driving under the influence of intoxicants." *State v. Griffin, supra,* is distinguishable from this case, in the way that defendant says it is. The instruction, as it was used here, illustrates why a rule of law cribbed from a factually distinct case may not make a good jury instruction. *See State v. Nefstad,* 309 Or 523, 551, 789 P2d 1326 (1990). We reject the state's contention that any possible confusion by the jury was resolved by the prosecutor's closing argument. That was argument, and it cannot substitute for a proper instruction, which is the court's function. *State v. Brown,* 310 Or 347, 356, 800 P2d 259 (1990).

Conviction for reckless driving reversed and remanded for a new trial; otherwise affirmed.

---

[4] UCrJI No. 2719 reads, in part:

"A person commits the crime of reckless driving if the person recklessly drives a vehicle upon a highway on any premises open to the public in a manner that endangers the safety of persons or property. To establish this crime of reckless driving, the State must prove beyond a reasonable doubt each of the following elements: * * * that defendant drove a motor vehicle upon premises open to the public; and that the vehicle was driven recklessly in a manner that endangered the safety of persons or property."

[5] UCrJI No. 1038 reads:

"A person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk either (1) That a particular result will occur; or (2) That a particular circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."