HADLOCK, J.
*738 *234 Defendant appeals a judgment of conviction for unlawful possession of a firearm. ORS 166.250(1)(b). She raises four assignments of error on appeal. In her first assignment, defendant contends that the trial court erred in denying her motion for judgment of acquittal, asserting that there was legally insufficient evidence both that the firearm at issue was "concealed" for purposes of ORS 166.250(1) and that defendant "knowingly" concealed the firearm. In her remaining assignments of error, defendant argues that the trial court erred in refusing to give her requested jury instructions defining "concealed" and "knowingly." As explained below, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal and, accordingly, reject the first assignment of error. Furthermore, we conclude that the trial court did not err when it declined to give defendant's requested special jury instructions. Accordingly, we affirm.
The facts of this case are undisputed. On April 15, 2014, defendant's ex-boyfriend, O, called 9-1-1 and reported that defendant had come to his home in violation of a restraining order. O described the vehicle defendant was driving, the time she had left his home, and the direction in which she was traveling. He also reported that defendant was carrying a gun and that she might be suicidal. According to O, defendant routinely carried her handgun in her vehicle.
Officer Hopkins, who had been informed of the circumstances described above, saw defendant's vehicle and initiated a "high risk traffic stop." After pulling defendant's vehicle over, Hopkins got out of his police car with a rifle in hand and defendant, who had been driving, also got out of her vehicle.
Officer Barrett arrived at the scene shortly after Hopkins initiated the stop. At that time, defendant was already outside of her vehicle and had left the driver's side door open. Shortly after arriving, Barrett noticed that there was a handgun in the pocket of the driver's side door of defendant's vehicle. The door pocket was located below the window and armrest in the door, lower than the level *235 of the driver's seat, and the handle and upper cylinder of the gun was protruding from it. The barrel of the gun was pointing down into the pocket. The gun, which was later determined to be fully loaded, was visible to Barrett because the door of the car was open. When asked by the prosecutor whether the gun would have been visible "when the door was closed when there was a driver in the driver's seat and the vehicle was traveling down the road," Hopkins responded that it would not have been. He also testified that the gun "[a]bsolutely" would have been readily accessible to the driver.
After a struggle, defendant was eventually arrested and charged with, among other things, unlawful possession of a firearm. At trial, defendant moved for a judgment of acquittal after the state presented its evidence, asserting that the state had not demonstrated that the weapon was concealed, which is an element of the crime as charged.[1] The court disagreed and denied the motion. Defendant also requested that the trial court give the jury special instructions defining "concealed" and "knowingly." The court declined to give those instructions. Ultimately, the jury found defendant guilty of unlawful possession of a firearm. She appeals the resulting judgment of conviction.
On appeal, defendant first challenges the trial court's denial of her motion for judgment of acquittal. In reviewing the trial court's denial of a motion for judgment of acquittal, we determine whether, viewing the evidence in the light most favorable to the state, a rational factfinder could have found the elements of the crime in question beyond a reasonable doubt.
*739 State v. Guy , 229 Or. App. 611, 617, 212 P.3d 1265, rev. den. , 347 Or. 259, 218 P.3d 541 (2009).
Pursuant to ORS 166.250(1)(b), "a person commits the crime of unlawful possession of a firearm if the person knowingly * * * [p]ossesses a handgun that is concealed *236 and readily accessible to the person within any vehicle[.]" Defendant, in this case, asserts that the record did not include evidence sufficient to present a jury question as to whether the gun was concealed in her car.
As we have explained, the statute does not define the term "concealed" and, therefore, we look to the "plain and ordinary meaning" of that term. State v. Turner , 221 Or. App. 621, 627, 191 P.3d 697 (2008) (construing term "concealed" in ORS 166.240, another concealed-weapon statute). The plain and ordinary meaning of "conceal" is to hide, "place out of sight," or "shield from vision or notice." Webster's Third New Int'l Dictionary 469 (unabridged ed. 2002). It also means " 'to prevent disclosure or recognition of.' " Turner , 221 Or. App. at 627, 191 P.3d 697 (quoting Webster's at 469). In light of that plain meaning, an object that is hidden from view or placed out of sight is concealed. Furthermore, as we explained in Turner , to be concealed for purposes of the statute, an "object need not be completely hidden from view." Id. Instead, a weapon may also "be 'concealed' within the meaning of the statute even if it is recognizable for what it is if there is also evidence of an imperfect attempt to prevent it from being discovered or recognized." Id. at 628, 191 P.3d 697.
Defendant's argument is two-fold. First, defendant emphasizes that, when she got out of her car, she "left her vehicle door open and did not attempt to shut it, permitting the officers and any onlookers to see the gun." Although that may be true, it does not assist defendant. Whether or not the gun was revealed during the course of the stop, the question for purposes of the motion for judgment of acquittal is whether the gun was concealed at some point. In other words, if there is evidence that the gun was concealed while the door to the vehicle was closed, the fact that the gun was revealed when the door was opened would not be reason to take the case from the jury.
Second, defendant asserts that there is no evidence that a person "standing next to defendant's closed vehicle door" would have been unable to see the gun. We disagree. The testimony regarding the location of the gun was that the gun was inside a pocket in the driver's side door that was below the level of the driver's seat and below the window *237 and armrest. The gun was placed vertically inside the door pocket, with only the handle and upper portion of the cylinder visible even when the vehicle door was open. That evidence describing the location of the gun inside the vehicle, along with Hopkins's affirmative response when asked whether the gun would not have been visible when the door of the vehicle was closed and it was being driven down the road, supports a finding that the gun was shielded from the vision or notice of a person approaching the driver from outside the vehicle and-in the context of this encounter-was "concealed."[2] Defendant's argument does not establish that the trial court erred in denying her motion for judgment of acquittal.
In her second through fourth assignments of error, defendant asserts that the trial court erred when it failed to provide the jury with her requested jury instructions defining "concealed" and "knowingly." We review a trial court's refusal to give a requested instruction for legal error.
Defendant requested that the court provide the jury with an instruction defining "concealed" as follows:
"When used in the phrase, 'knowingly possesses a handgun that is concealed and readily accessible to the person within a vehicle,' concealed means that the handgun is not readily identifiable as a handgun or an attempt has been made to obscure the fact that there is a handgun in the vehicle."
*740 (Emphasis in original.) The trial court explained that it would not give the requested instruction because it included an inappropriate element-that "an attempt has been made to obscure the fact that there is a weapon." On appeal, defendant asserts that her requested instruction correctly stated the law and was supported by evidence in the record. The state responds that the trial court did not err in refusing to give the requested instruction because it was "not correct in every respect, and would have improperly limited the *238 jury's deliberations." We agree with the state that the trial court did not err in refusing to give defendant's requested instruction.
"A defendant is entitled to a requested instruction if the instruction correctly states the law and is supported by sufficient evidence in the record." State v. Moreno , 287 Or. App. 205, 209, 402 P.3d 767 (2017). A trial court does not err in refusing to give a requested jury instruction "if the requested instruction is not correct in all respects," Hernandez v. Barbo Machinery Co. , 327 Or. 99, 106, 957 P.2d 147 (1998), or if the requested instruction is incomplete, State v. Wan , 251 Or. App. 74, 83, 281 P.3d 662 (2012) ; see Estate of Michelle Schwarz v. Philip Morris Inc. , 348 Or. 442, 454, 235 P.3d 668, adh'd to on recons. , 349 Or. 521, 246 P.3d 479 (2010) ("[A] proposed instruction must be complete and accurate in all respects."). An instruction is incorrect where it "gives the jury an incomplete and thus inaccurate legal rule to apply to the facts" or where it inserts "an irrelevant issue into the jury's deliberations concerning a material issue." State v. Bistrika , 261 Or. App. 710, 728, 322 P.3d 583, rev. den. , 356 Or. 397, 337 P.3d 127 (2014), cert. den. , --- U.S. ----, 136 S. Ct. 32, 193 L.Ed.2d 46 (2015) (internal quotation marks and citation omitted).
Here, defendant's proposed instruction is not correct in all respects. As explained above, an object is "concealed" when it is hidden from view or placed out of sight. In Turner , we held that a police officer did not have reasonable suspicion that the defendant, who was carrying a sword between his body and his backpack, had "concealed" the sword for purposes of ORS 166.240. 221 Or. App. at 628-29, 191 P.3d 697. In explaining that holding, we emphasized that the officer had seen three to four inches of the sword's handle before he stopped the defendant, id. at 623, 191 P.3d 697, and that the officer "could readily identify the sword as a sword based on the visible portion of it." Id. at 628, 191 P.3d 697 (emphasis added). We also observed that no evidence in the record would support a finding that the defendant had attempted to hide the sword. Id. at 628, 191 P.3d 697. In that context, we explained that a person violates ORS 166.240 by carrying a concealed weapon if either (a) the person carries a weapon that is "not readily identifiable as a weapon" or (b) the person "attempt[s] to obscure the fact that he is carrying a weapon on his person." Id.
*239 The difficulty with using that phrasing from Turner as the basis for a jury instruction is that it does not describe in plain terms the most obvious circumstance in which a weapon is concealed, that is, when it is hidden or placed out of sight. Rather, jurors could misunderstand the phrase "not readily identifiable as a weapon" to describe a weapon that is visible, yet for some reason cannot easily be perceived for what it is. In Turner , that phrasing made sense in the context of the case, which involved a weapon that was visible to a police officer. But the phrasing does not make sense as the basis for a jury instruction in a case like this, where the dispute was over whether the gun would have been visible at all . As the state argues in its response brief,
"Though a gun may be 'concealed' if a person carries it in a way that makes it either not readily identifiable as a weapon or by attempting to obscure the fact that she is carrying a weapon, Turner , 221 Or. App. at 628 [191 P.3d 697], that is not the only way a jury could have found that it was concealed. For example, here, the jury likely found that the gun was concealed because it was simply not visible when the car's door was shut."
(Emphasis in original.) Thus, defendant's proposed jury instruction could have misled the jury into believing that the gun was not "concealed" even if it was completely hidden from view unless the state also proved either *741 that defendant had attempted to hide it or that something rendered the gun unidentifiable as such. Accordingly, we agree with the state that the trial court did not err in refusing to give defendant's proposed instruction regarding the definition of the term "concealed." Cf. State v. Luke , 104 Or. App. 541, 546, 802 P.2d 672 (1990) ("The instruction, as it was used here, illustrates why a rule of law cribbed from a factually distinct case may not make a good jury instruction.").
For the same reason, the trial court did not err in refusing to give defendant's first requested instruction defining the term "knowingly." That requested instruction defined "knowingly" as follows:
"A person acts 'knowingly' if that person acts with an awareness that his or her conduct is of a particular nature or a particular circumstance exists. When used in the phrase 'knowingly possesses a handgun that is concealed *240 and readily accessible within a vehicle,' knowingly means that the person acts with an awareness that the handgun is not readily identifiable as a handgun or is aware that an attempt has been made to obscure the fact that there is a handgun in the vehicle and acts with an aware[ness] that the handgun is readily accessible."
(Emphasis in original.) Thus, defendant's first requested instruction regarding the term "knowingly" also incorporated her proposed definition of the term "concealed," which, as we have explained, was not correct in all respects. Under those circumstances, the court properly declined to give that instruction to the jury.
Finally, defendant asserts that the trial court erred in refusing to give her alternate proposed instruction, which defined the term "knowingly" as follows:
"A person acts 'knowingly' if the person acts with an awareness that his or her conduct is of a particular nature or a particular circumstance exists. When used in the phrase 'knowingly possesses a handgun that is concealed and readily accessible within a vehicle,' knowingly means that the person acts with an awareness that the handgun is concealed and acts with an awareness that it is readily accessible."
(Emphasis in original.) A trial court does not err in refusing to give a requested instruction "if the substance of the requested jury instruction, even if correct, was covered fully by other jury instructions given by the trial court." Hernandez , 327 Or. at 106, 957 P.2d 147 ; see State v. Guzek , 358 Or. 251, 276, 363 P.3d 480 (2015), cert. den. , --- U.S. ----, 137 S. Ct. 1070, 197 L.Ed.2d 188 (2017).
Here, the trial court instructed the jury regarding the definition of "knowingly":
"A person acts knowingly or with knowledge if that person acts with an awareness that his or her conduct is of a particular nature or that a particular circumstances exists. When used in the phrase knowingly possessed a handgun that was concealed and readily accessible to her within a vehicle, knowingly or with knowledge means that the person acts with an awareness that she possessed a handgun that was concealed and readily accessible to her *241 within a vehicle. Knowledge is also established if the person acts intentionally."
Thus, the only difference between defendant's proposed instruction and the instruction the court actually delivered was that defendant's instruction explicitly stated that the jury had to find that she acted with an awareness that the handgun was concealed and acted with an awareness that the gun was readily accessible, while the delivered instruction did not explicitly place the "act[ed] with an awareness" requirement before either of those elements. The instruction that the trial court actually delivered explained that defendant must have acted with awareness that she possessed a handgun that was concealed and readily accessible.
Defendant does not contend that the delivered instruction was incorrect. She instead asserts that her requested instruction was preferable because it "clarified" that " 'knowingly' * * * applied to 'concealed' " and her "theory of [the] case * * * was that she did not knowingly conceal [the] gun." The state responds that the substance of the requested instruction was fully covered by the instruction actually given by the court.
We agree with the state. The instruction given by the court fully and correctly defined *742 the term "knowingly" and described the application of that definition to the offense at issue. That is, it instructed the jury that, for purposes of unlawful possession, "knowingly or with knowledge means that the person acts with an awareness that she possessed a handgun that was concealed and readily accessible to her within a vehicle." That instruction was both correct and complete. It clearly instructed the jury that it could convict defendant only if it could find that she was aware that the handgun was concealed-the point that defendant stressed was key to her theory of the case. The court was not required to give an instruction that was merely an enlargement on another correct and complete instruction already given. See Laubach v. Industrial Indem. Co. , 286 Or. 217, 225, 593 P.2d 1146 (1979). Accordingly, it did not err in refusing to give the requested instruction.
Affirmed.

ORS 166.250 provides, in pertinent part:
"(1) Except [in circumstances not relevant here], a person commits the crime of unlawful possession of a firearm if the person knowingly:
" * * * * *
"(b) Possesses a handgun that is concealed and readily accessible to the person within any vehicle[.]"

Defendant also argues that she did not knowingly conceal the gun. She asserts that "[n]othing evidenced that defendant knew her gun was concealed, because nothing evidenced that defendant's gun was actually concealed ." (Emphasis added.) Because, contrary to defendant's contention, there was sufficient evidence that the gun was concealed, defendant's argument regarding her mental state also fails.