Argued and submitted March 4, reversed and remanded April 14, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FLYNN GRAHAM SHAW,
*Defendant-Appellant.*

Tillamook County Circuit Court
18CR79086; A171422

485 P3d 310

Jonathan R. Hill, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant was charged with unlawful possession of a firearm, ORS 166.250, based on an allegation that he unlawfully and knowingly possessed a handgun that was concealed and accessible in a vehicle. Before trial, the parties disagreed about the definition of the word "concealed" and how the jury ultimately would be instructed on that point. That disagreement arose out of our decision in *State v. Harrison*, 292 Or App 232, 423 P3d 736 (2018) (*Harrison I*), which was pending before the Supreme Court at the time. 363 Or 728 (2018). In *Harrison I*, we had held that a firearm is "concealed" if it is hidden from view or placed out of sight, and that the evidence in that case was sufficient to support a finding "that the gun was shielded from the vision or notice of a person approaching the driver from outside the vehicle." 292 Or App at 237.

The state expressed its intent to request a special instruction based on *Harrison I*, telling the jury that the term concealed "includes where a handgun is placed so as to shield or hide it from vision or notice of a person approaching the driver from the outside of the vehicle." Defendant filed a motion asking the court to reject our formulation in *Harrison I* and the state's proposed definition, because, among other things, the definition would be too expansive depending on the direction from which a person approached the driver. The court denied defendant's motion, explaining that *Harrison I* "looks on appeal to the Supreme Court, but right now this would be the valid case law on this statute. And so the Court would need to apply that."

Defendant thereafter entered a conditional plea of no contest, reserving his right to challenge on appeal the trial court's pretrial ruling adopting the reasoning in *Harrison I*. *See* ORS 135.335(3) (with consent of the court and the state, a defendant may enter a guilty or no-contest plea that reserves the right to appellate review of an adverse ruling on a specified pretrial motion).

Defendant exercised that right to appellate review and, in the meantime, the Supreme Court decided *State v. Harrison*, 365 Or 584, 589, 450 P3d 499 (2019) (*Harrison II*). In that decision, the Supreme Court refined our definition of

the term "conceal," accounting for the manner in which the driver is approached:

> "We conclude that, in the context of ORS 166.250(1)(b), the legislature intended that a handgun is 'concealed' in a vehicle if the placement of the gun would fail to give reasonable notice of the gun's presence, through ordinary observation, to a person *actually coming into contact with the occupants of the vehicle and communicating in the manner typical of such a contact*—such as through an open window."

*Id.* at 589 (emphasis added).

The trial court's pretrial ruling that it would apply *Harrison I* was, of course, correct at the time. In light of *Harrison II*, however, it would now be wrong to apply *Harrison I*, entitling defendant to reversal of the court's ruling. *See State v. Ulery*, 366 Or 500, 503, 464 P3d 1123 (2020) (appellate courts will reverse based on the law at the time of the appellate decision, even though the trial court did not make a mistake in applying then-existing law). We therefore reverse and remand so that defendant can elect whether to withdraw his plea. *See* ORS 135.335(3) ("A defendant who finally prevails on appeal may withdraw the plea.").

Reversed and remanded.