Argued and submitted February 10, conviction vacated and remanded May 14, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# ERIC LEROY OLSON,
*Appellant.*

(M486112; CA A37579)

719 P2d 55

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Kendall Barnes, Assistant Attorney General, Salem argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant was tried by the court and convicted of driving while under the influence of intoxicants (DUII). He appeals and claims that the trial court applied an incorrect legal standard in evaluating his choice of evils defense. We vacate the conviction and remand.

Officer Brunt saw defendant on the evening of November 23, 1984, in an argument with a woman in a restaurant parking lot. Brunt intervened and determined that defendant was intoxicated but that the woman was not. At Brunt's suggestion, defendant and the woman left in defendant's car, with her driving. A few minutes later Brunt saw the car stop in an intersection. The woman got out from the driver's side and walked away. After a moment, defendant moved to the driver's side and drove the car a short distance. Brunt then arrested him for DUII.

Defendant admitted that he was intoxicated and that he drove. His defense was that he chose the lesser evil of moving the car out of the intersection rather than leaving it in a lane of traffic. The defense is statutory. ORS 161.200. His motion for a judgment of acquittal on the ground that there was insufficient evidence to rebut the defense was denied. The trial court found defendant guilty, explaining that there was not sufficient evidence to support the choice of evils defense. Although that explanation is not entirely clear, it appears that the court rejected the defense as a matter of law.

In ruling on the motion and in announcing its verdict, the trial court apparently held that, in order to establish the defense, defendant had to show that his driving the car was necessary to avoid "injury or threat of injury to human or animal life." That is incorrect. That standard is only applicable to the affirmative defense provided by *former* ORS 487.560(2)(a)[1] to a charge of driving while suspended or revoked. It is not an element of the choice of evils defense under ORS 161.200, which is available if the conduct "is necessary as an emergency measure to avoid an imminent

---

[1] *Former* ORS 487.560(2)(a) was repealed by Or Laws 1983, ch 338, § 978, *as amended* by Or Laws 1985, ch 672, § 6, and replaced by Or Laws 1983, ch 338, § 599, *as amended* by Or Laws 1985, ch 16, § 305; ch 672, § 18; ch 744, § 1 (now ORS 811.180(1)(a)).

public or private injury." ORS 161.200(1)(a). The threatened injury must be

"of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue." ORS 161.200(1)(b).

There is nothing inherent in the choice of evils defense which prevents its use when the defendant has acted to protect property rather than life. *See State v. Haley,* 64 Or App 209, 215, 667 P2d 560 (1983).

■ Although an incorrect standard was applied, the trial court did not err in denying the motion for judgment of acquittal. Defendant's evidence supported the choice of evils defense, but it did not establish the defense as a matter of law. The court was correct in leaving that decision for the fact-finding process. However, the fact-finding process appears to have gone awry. Not only did the trial court impermissibly require proof of a threat to life, its comments indicate that it may have incorrectly placed the burden on defendant to prove the defense by a preponderance of the evidence, rather than requiring the prosecution to rebut it beyond a reasonable doubt. *See* ORS 161.055(1); ORS 161.190.

■ Defendant's evidence was sufficient to support the choice of evils defense and to require the prosecution to rebut it. Whether the prosecution did that is for the trial court's determination as the fact-finder. Because the trial court applied an incorrect legal standard, its determination cannot stand. Nevertheless, a new trial is not warranted. The evidence has been presented, and the trial court need only evaluate that evidence under the correct standard. Accordingly, we vacate the conviction and remand to the trial court. On remand, if the court finds, on the present record, that the state has disproved the choice of evils defense beyond a reasonable doubt, it shall enter a new judgment of conviction; otherwise, defendant is entitled to an acquittal.

Conviction vacated; remanded for further proceedings not inconsistent with this opinion.