Argued and submitted March 8, affirmed November 1, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## WALTER CARZIL SEAMONS,
*Appellant.*

## (C 97-2754 CR; CA A103744)

13 P3d 573

Kenneth Lerner argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for second-degree robbery, ORS 164.405, second-degree theft, ORS 164.046, and third-degree escape, ORS 162.165. He assigns error to the trial court's refusal to permit him to present a choice of evils defense and to the court's failure to exclude evidence of a prior conviction. We affirm.

The relevant facts are not in dispute. A police officer recruited defendant, a heroin addict, to sell heroin. Initially, the officer gave defendant 14 grams of heroin to sell. The officer demanded such a high price, however, that defendant could not sell all of the drug. Meanwhile, defendant fell prey to temptation and started to use some of the heroin.

Three weeks later, the officer and defendant met. Defendant produced what money he could, and, although it was only a portion of what he owed the officer, he was given more heroin to sell. Defendant used a substantial portion of that heroin. Meanwhile, defendant began to avoid having any contact with the officer. He failed to show up at scheduled meetings and failed to return phone calls.

Weeks later, the two met, and defendant paid the officer all but $400 of what he owed. The officer was upset, stated that he felt "screwed" by defendant, and told defendant not to cross him. He then gave defendant four days to come up with the $400 and promised to check up on him.

The officer did call defendant, but defendant avoided the calls. When the officer finally connected with defendant, he demanded a meeting. Defendant agreed, but did not attend the meeting. After that, he began to live in his car to avoid the officer. Eventually, he scheduled a meeting with the officer at which time defendant was to produce the $400. The day before the meeting, defendant purchased a toy gun and used it to rob a postal annex of $500. Defendant was caught fleeing the scene of the robbery.

At trial, defendant notified the state that he intended to rely on a choice of evils defense. According to defendant, he had no choice but to rob the postal annex to prevent the officer from doing him bodily harm. The state

moved to prohibit defendant from relying on the defense. The state's motion was supported by a police report containing an interview with defendant, which set out the foregoing facts, and a psychiatric evaluation of defendant. The psychiatric evaluation, among other things, referred to a 15-year-old robbery conviction. At the hearing on the motion, defendant offered no additional testimony. He did object to the evidence of his prior robbery conviction and moved to have that evidence excluded.

The trial court ruled that, as to the choice of evils defense, defendant had failed to establish any evidence of the necessary element of an imminent threat that he sought to avoid through commission of the crime. As to the prior robbery conviction, the court ruled that it was not admissible.

During the trial, defendant relied on a defense of mental disease or defect. In his testimony, he admitted to committing the crime and specifically referred to the fact that he had previously committed robbery to finance his heroin habit. The subject of defendant's prior record also came up on cross-examination of the examining psychiatrist, who stated that, in developing his diagnosis, he had relied on a history of prior offenses that defendant had provided to him and that that history included a 15-year-old robbery conviction. Defendant objected. The state argued that the evidence was admissible because defendant was relying on a mental disease or defect defense. Defendant did not deny that fact but argued that the evidence nevertheless should be excluded because it was too prejudicial. The trial court overruled the objection.

On appeal, defendant first argues that the trial court erred in granting the state's motion *in limine* to preclude him from relying on a choice of evils defense. We review the trial court's ruling to determine whether there is any evidence as to each of the elements of the defense. *State v. Brown*, 306 Or 599, 605-07, 761 P2d 1300 (1988). ORS 161.200(1) provides that conduct that otherwise would constitute an offense may not be criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense at issue."

Thus, there must be evidence that (1) a defendant's conduct was necessary to avoid a threatened injury; (2) the threatened injury was imminent; and (3) it was reasonable for the defendant to believe that the threatened injury was greater than the potential injury of his illegal actions. *State v. Boldt*, 116 Or App 480, 483, 841 P2d 1196 (1992).

In this case, there is a complete absence of evidence of an imminent threat, or, for that matter, either of the other elements. Defendant argues that an imminent threat may be inferred from the fact that he was dealing with a crooked police officer. That defendant was intimidated by dealing with a police officer, however, provides no basis for an inference that the officer made any threats, much less a threat of imminent injury. To establish a choice of evils defense, defendant must offer evidence that there was a threat that was "present, imminent and impending." *State v. Fitzgerald*, 14 Or App 361, 371, 513 P2d 817 (1973). We conclude that the trial court did not err in granting the state's motion *in limine*.

■ Defendant next argues that the trial court erred in overruling his objection as to the admissibility of the evidence of the prior robbery conviction. We need not address that contention, however. Even if the evidence was erroneously admitted, in light of defendant's admissions at trial, the error was harmless. *See State v. Irons*, 162 Or App 512, 525, 987 P2d 547 (1999), *rev den* 330 Or 120 (2000) (evidential error is harmless if it tends merely to prove a fact that is overwhelmingly supported by evidence properly before the jury).

Affirmed.