Argued and submitted May 13, 2002, Crescent Valley High School, Corvallis, affirmed November 13, 2002

## Mary LEISETH;
### John Sweek; Robert Waxman; Patricia Clawson; and Laurie Jenson, *Appellants,*

*v.*

## FRED MEYER, INC.,
### a Delaware corporation, *Respondent.*

## 9809-06891; A109991

57 P3d 914

Gregory Kafoury and Mark McDougal argued the cause for appellants. With them on the brief was Linda Williams.

Janet Schroer argued the cause for respondent. On the brief were Marjorie A. Speirs and Hoffman Hart & Wagner, LLP.

Before Kistler, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

## LINDER, J.

Plaintiffs, on separate occasions at separate Fred Meyer department stores, purchased merchandise and attempted to leave the stores. When four of the five plaintiffs attempted to leave the stores, an "electronic article surveillance" alarm went off and Fred Meyer employees stopped plaintiffs to determine if they had paid for their merchandise. They had. A Fred Meyer employee stopped the fifth plaintiff after he had left the store and asked him for a receipt showing that he had paid for food items that he consumed while in the store. A cashier confirmed that plaintiff paid for the items. Plaintiffs later brought this action against defendant Fred Meyer for false arrest. The case was tried to a jury, which found in favor of defendant. Plaintiffs then appealed, challenging the trial court's failure to give two requested instructions. We affirm.

The two instructions that the trial court declined to give each related to what constitutes a "detention" for purposes of false arrest. As to detention generally, plaintiffs asked the trial court to instruct the jury that

> "[t]he detention constituting an arrest may arise by detaining a person under an asserted authority to do so. The detention is complete if the person against whom and in whose presence the authority is asserted believes it to be valid, or is in doubt as to its validity, and submits to it."

Plaintiffs also asked the trial court to instruct that a detention could be accomplished in the following specific way:

> "Detention constituting an arrest may arise if a person is deprived of their property and is required to remain to regain possession of their property."

The trial court gave neither of those instructions but gave this one instead:

> "An arrest is the imposition of restraint on another person's freedom of movement. The restraint may be accomplished by actual or apparent physical barriers, compulsive physical force, a threat to apply physical force, or assertion of legal authority. To be arrested, the plaintiff must reasonably believe that he or she is not free to leave. Whether

there has been * * * an arrest must be judged by the totality of the circumstances."

Before closing argument and before instructing the jury, the trial court provided the parties' counsel with a written copy of all of the instructions that it planned to give to the jury. The trial court specifically asked both counsel at that point whether they had any "objections, exceptions, clarifications, comments, [or] suggestions" with respect to the instructions that it was about to give. Plaintiffs' counsel said that he had no objections. The trial court then instructed the jury. Afterwards, the trial court again asked the parties if they had any objections or wanted to preserve any issues on the record regarding the instructions. Plaintiffs' counsel, for a second time, advised the court that plaintiffs had no objections. On appeal, however, plaintiffs assert that the trial court's failure to give either of the requested instructions was reversible error.

█ For purposes of resolving plaintiffs' challenges, the applicable legal principles are well settled. In general, to preserve a claim of error in the jury instructions, a party must specifically except to the trial court's instructions and state the point of exception with particularity. *ODOT v. Winters*, 170 Or App 118, 125, 10 P3d 961 (2000), *rev den*, 332 Or 239, *cert den*, 534 US 996 (2001). When *no* instruction at all is given on the subject of a requested instruction, however, merely requesting an instruction on the subject adequately preserves a claim that the failure to give the requested instruction was error. *Roberts v. Mitchell Bros.*, 289 Or 119, 129-30, 611 P2d 297 (1980). On the other hand, when, as in this case, the trial court gives an instruction on the subject, an express exception is required to preserve error unless the requested instruction is "clearly and directly" contrary to the given instruction, thereby calling the trial court's attention to the alleged error. *Id.* at 131; *Holland v. Srs. of St. Joseph, Seeley*, 270 Or 129, 141, 526 P2d 577 (1974).[1]

---

[1] We frequently cite ORCP 59 H in discussing the preservation principles applicable to proposed instructions. *See, e.g., Winters*, 170 Or App at 125. That rule is not the *source* of those principles, however, but instead merely *reflects* them in a general way. The Oregon Rules of Civil Procedure govern procedure and practice only in the circuit courts of this state, unless the rules are expressly made applicable to other courts by rule or statute. ORCP 1. Consequently, the point of ORCP

 Even if the claim of error is adequately preserved, failure to give a requested instruction is not error unless the instruction is correct in all respects. *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106, 957 P2d 147 (1998). Nor is the failure to give a requested instruction error if "the instruction given by the court, although not in the form requested, adequately covers the subject of the requested instruction." *State v. Tucker*, 315 Or 321, 332, 845 P2d 904 (1993); *Mitchell v. Pacific First Bank*, 130 Or App 65, 76, 880 P2d 490 (1994). Finally, even if a refusal to give a requested instruction is error, the error requires reversal only if the jury instructions given by the trial court, considered as a whole, prejudiced the party requesting the instruction. *Hernandez*, 327 Or at 106.

With regard to plaintiffs' first requested instruction—which dealt with detention generally—plaintiffs assert summarily in their brief that the alleged error is preserved because they submitted the proposed instruction and the trial court refused to give it. As defendant correctly points out, in this case the trial court gave an instruction on the same subject matter. As a result, the request alone was not adequate to preserve error unless the proposed instruction, by its terms, was so "clearly and directly" contrary to the instruction given as to put the trial court on notice of any error in failing to give it. Defendant asserts in its brief that the requested instruction is not so inherently contrary that any asserted error in not giving it would have been obvious to the trial court. At oral argument, plaintiffs responded to

---

59 H is to provide guidance to trial counsel for purposes of the procedure and practice in *trial courts*. The Oregon Rules of Civil Procedure do not purport to control preservation principles for appellate courts. Were there any doubt about that fact, the official commentary to ORCP 59 H clarifies that

"[section 59 H] is included as it does describe conduct in the trial court. It also provides a basis for new trial in ORCP 64 B(7). The Council cannot make rules of appellate procedure, and the question of preserving error on appeal is one determined by the appellate courts. On the question of whether failure to give a requested instruction preserves error in instructions given, see *Holland* * * * and *Becker v. Beaverton School Dist.*, 25 Or App 879[, 551 P2d 498] (1976)."

Council on Court Procedures, Staff Comment to ORCP 59, *reprinted in* Lisa A. Kloppenberg, *Oregon Rules of Civil Procedure: 1997-1998 Handbook* 184 (1997). Thus, ORCP 59 H serves only to reinforce appellate preservation principles and to alert trial counsel to them, rather than to dictate preservation rules for appellate courts.

defendant's position by arguing that the requested instruction was contrary to the instruction given in one respect—namely, the mental state of the person detained. According to plaintiffs, by telling the jury that a detention is complete if the detained person "believes [the asserted authority] to be valid, or is in doubt as to its validity," their requested instruction implicitly required only a subjective mental state on the detained person's part. In contrast, the instruction given by the trial court expressly stated that the person detained "must reasonably believe that he or she is not free to leave."

■ We need not decide whether plaintiffs are correct in that regard. The short answer to their argument is that it is self-defeating. If, as plaintiffs contend, the requested instruction "clearly and directly" incorporated a subjective rather than objective state of mind, then it was not a correct statement of Oregon law. In Oregon, a plaintiff in a false imprisonment action must *reasonably* believe that he or she has been detained. *See, e.g., Lukas v. J. C. Penney Co.*, 233 Or 345, 353-54, 378 P2d 717 (1963) (restraint for false imprisonment may arise out of conduct that induces a *reasonable* apprehension of force or a *reasonable* fear of personal safety if plaintiff does not submit to the restraint); *Roberts v. Coleman et al*, 228 Or 286, 294, 365 P2d 79 (1961) (similar). The trial court's refusal to give that proposed instruction therefore was not error.

We turn, then, to plaintiffs' second requested instruction as to specific conduct that can constitute a detention. That instruction would have told the jury that a detention for purposes of false arrest may arise if a person is deprived of his or her property and is required to remain to regain its possession. The requested instruction thus included a specific factual circumstance not highlighted in the instruction that the court gave. We assume for purposes of discussion that the instruction adequately called the court's attention to plaintiffs' position that they were entitled to have the jury specifically so instructed. But we disagree that the failure to give the requested instruction was either error or prejudicial to plaintiffs.

■ First, the trial court's instruction adequately stated the law, even if it did so in more general terms than plaintiffs

desired. The instruction that the trial court gave told the jurors that an arrest, for purposes of false arrest, arises from "the imposition of restraint on another person's freedom of movement." The instruction then identified four ways in which such a restraint "may be" accomplished, including the "assertion of legal authority." In addition, the instruction concluded by telling the jury that whether there has been an arrest "must be judged by the totality of the circumstances." Plaintiffs do not dispute that the instruction given was a correct statement of the law in those regards. Plaintiffs merely wanted the trial court to include a more specific circumstance (retention of property) that was encompassed within the general category of an "assertion of legal authority" or that otherwise could be considered as part of the totality of the circumstances that the jury could consider. At most, then, plaintiffs sought to have the trial court's instruction amplify a particular circumstance that might constitute a detention when the instruction that the trial court gave was adequate to encompass plaintiffs' theory. The trial court's failure to do so was not error. *See Tucker*, 315 Or at 332.

■ Second, and in all events, plaintiffs were not prejudiced by the trial court's failure to give the requested instruction. After the trial court provided counsel with a written copy of the instructions that it proposed to give to the jury, plaintiffs' counsel specifically argued to the jury that Fred Meyer employees detained some of the plaintiffs by seizing their property. For example, counsel argued:

> "[A plaintiff's] bag then is taken out of her hands by the young blond woman who testified, put through scans, the alarm goes off. Come with me, you know what? That's an assertion with [*sic*] authority."

As that portion of the record demonstrates, plaintiffs were not foreclosed by the trial court's instructions from presenting their theory to the jury.

In sum, the trial court did not err in failing to give either of plaintiffs' requested instructions. Assuming that plaintiffs' requested instruction on detention "clearly and directly" contradicted the instruction that the trial court gave by using a subjective rather than objective state of mind, it was not a correct statement of Oregon law. Plaintiffs' second

instruction served only to supplement a trial court instruction that was otherwise an adequate statement of the law, and the failure to give it did not foreclose plaintiffs from arguing their position fully to the jury.

Affirmed.