Submitted August 29, 2012, affirmed May 30, petition for review denied
August 15, 2013 (354 Or 61)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUAN ISMAEL CRUZ-GONZELEZ,
*Defendant-Appellant.*

Washington County Circuit Court
D101666T; A146564

303 P3d 983

Peter Gartlan, Chief Defender, and Ernest G. Lannet, Chief Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge, filed the brief for respondent.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction for failure to perform the duties of a driver when property is damaged, ORS 811.700(1)(b). He contends that the trial court erred in refusing to instruct the jury on *attempted* failure to perform the duties of a driver when property is damaged and on the affirmative defense of renunciation. The state responds that there is no evidence in the record to support defendant's requested instructions. On review for errors of law, *State v. Worthington*, 251 Or App 110, 113, 282 P3d 24 (2012), we affirm.

We state the facts in the light most favorable to the giving of defendant's requested instructions. *State v. Taylor*, 207 Or App 649, 666, 142 P3d 1093 (2006), *rev den*, 342 Or 299 (2007). Defendant was driving in a residential neighborhood when he struck an unattended vehicle parked on the side of the road. The collision caused damage to both vehicles. Defendant panicked and drove approximately two minutes down the street and around a corner to a location 472 feet from the site of the collision. Defendant then stopped his vehicle, called 9-1-1, and returned to the site of the collision, where he gave police his contact information.

Defendant was charged with failure to perform the duties of a driver when property is damaged under ORS 811.700(1)(b).[1] At trial, defendant requested that the court give the uniform criminal jury instruction on attempt and the uniform criminal jury instruction on the affirmative

---

[1] ORS 811.700(1)(b) provides:

"A person commits the offense of failure to perform the duties of a driver when property is damaged if the person is the driver of any vehicle and the person does not perform duties required under any of the following:

"* * * * *

"(b) If the person is the driver of any vehicle that collides with any vehicle that is unattended, the person shall *immediately* stop and:

"(A) Locate and notify the operator or owner of the vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle; or

"(B) Leave in a conspicuous place in the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking and a statement of the circumstances thereof."

(Emphasis added.)

defense of renunciation.[2] The state objected to those requested instructions, arguing that the evidence showed that the crime "was actually completed" when defendant failed to "immediately" stop following the collision. The trial court agreed with the state and declined to give the instructions. After the court instructed the jury, defendant excepted to the court's failure to give his requested jury instructions. A jury found defendant guilty as charged.

As noted, defendant assigns error to the trial court's refusal to give the jury his requested instructions relating to attempt and renunciation. We first consider defendant's argument regarding the court's refusal to instruct the jury on attempted failure to perform the duties of a driver when property is damaged. A criminal defendant is entitled to a jury instruction based on his theory of the case if the instruction correctly states the law and there is evidence in the record to support giving the instruction. *State v. Baty*, 243 Or App 77, 83, 259 P3d 98 (2011) (citing *State v. Barnes*, 329 Or 327, 334, 986 P2d 1160 (1999)). Here, the state does not dispute that defendant's requested instruction on attempt correctly states the law; the only issue on appeal is whether there is evidence in the record to support giving that instruction.

Defendant argues that he presented sufficient evidence from which a jury could rationally find that he attempted, but did not complete, the crime of failure to perform the duties of a driver when property is damaged.[3] Specifically, defendant argues that a jury could rationally find that he "stopped soon enough after the collision to satisfy the requirement [in ORS 811.700(1)(b)] to stop 'immediately.' And the [jury] could find that defendant's conduct in driving for that extra time constituted an intentional substantial step * * * toward[] failing to immediately stop." The state responds that defendant's "act of driving away was more than a substantial step toward committing the crime; his

---

[2] Defendant also requested the uniform criminal jury instruction on a defendant's burden of proof for affirmative defenses.

[3] ORS 161.405(1) provides:

"A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

driving away without leaving the requisite information completed the crime."

Generally, "the attempt to commit a crime is a lesser-included offense of the crime itself." *Baty*, 243 Or App at 83 (citing *State v. Anderson*, 241 Or 18, 21, 403 P2d 778 (1965)). "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime." ORS 136.465. "However, a defendant is not entitled to a jury instruction on a lesser-included offense unless there is evidence from which a jury could *rationally* find guilt of a lesser-included offense and no guilt of the offense charged." *State v. Cunningham*, 320 Or 47, 57, 880 P2d 431 (1994) (internal quotation marks and brackets omitted; emphasis added); *see also State v. White*, 303 Or 333, 348, 736 P2d 552 (1987) ("For some 44 years now this court has interpreted ORS 136.465 (and its forerunners) to require that there be evidence before the jury can consider guilt of a lesser included offense and only if that *rationally* can be done." (Emphasis added.)).

Here, the evidence at trial showed that, after the collision, defendant drove his vehicle for approximately two minutes and 472 feet down the street and around a corner before he called police and returned to the collision site to provide his contact information. Defendant's theory was that his actions constituted a substantial step toward violating ORS 811.700(1)(b) but did not constitute a violation of that statute. Accordingly, as defendant acknowledges, defendant was entitled to the instruction on attempt only if a jury could rationally find from the evidence presented at trial that he took a substantial step toward violating ORS 811.700(1)(b) but that *he ultimately complied with the requirements of that statute. See Baty*, 243 Or App at 86-87 (the defendant was entitled to an instruction on attempted driving under the influence of intoxicants where a juror could infer from the evidence that the defendant took steps to prepare to drive but did not drive). As noted, ORS 811.700(1)(b) requires that a driver of a vehicle that collides with an unattended vehicle "immediately stop" and provide the operator or owner of the unattended vehicle with certain information. Therefore, in

order to rationally find that defendant complied with ORS 811.700(1)(b), a jury must be able to rationally find that defendant "immediately" stopped within the meaning of that statute.

Whether a rational jury could find that defendant "immediately" stopped is a question of statutory interpretation. When construing a statute, we examine the text of the statute in context, along with any relevant legislative history, to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). The term "immediately" is not defined in the statute; accordingly, we look to its plain, natural, and ordinary meaning. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) ("[W]ords of common usage typically should be given their plain, natural, and ordinary meaning."). The ordinary meaning of "immediately" is "without delay." *Webster's Third New Int'l Dictionary* 1129 (unabridged ed 2002).

Here, as noted, the evidence at trial showed that, after the collision, defendant drove his vehicle for approximately two minutes before stopping the vehicle. We need not determine the precise test for what duration of time must lapse before a stop is delayed and is no longer immediate. Under any measure, a two-minute lapse constitutes delay prior to stopping. Under those circumstances, we have no difficulty concluding that a jury could not *rationally* find that defendant stopped "immediately" within the meaning of ORS 811.700(1)(b)—that is, "without delay"—such that he complied with the statute. Accordingly, there is no evidence in the record from which a jury could rationally find that defendant was guilty of the lesser-included offense (attempted failure to perform the duties of the driver by trying, but failing, to proceed beyond an immediate stop) but not guilty of the charged offense (because defendant performed the duties of a driver in stopping immediately). The trial court therefore did not err in refusing to give defendant's requested instruction on attempt.[4] *See Cunningham*, 320 Or at 60-61

---

[4] As noted, defendant also contends in two assignments of error that the trial court erred in refusing to instruct the jury on the affirmative defense of renunciation. Renunciation is an affirmative defense to a charge of an attempted crime. *See* ORS 161.430 ("A person is not liable under ORS 161.405 [(the attempt statute)] if,

(concluding that a jury could not rationally find the defendant guilty of second-degree manslaughter (requiring the defendant to have acted recklessly) but acquit the defendant of first-degree manslaughter (requiring the defendant to have acted with extreme indifference to the value of human life) where the undisputed evidence showed that the victim had been stabbed about 37 times).

Affirmed.

---

under circumstances manifesting a voluntary and complete renunciation of the criminal intent of the person, the person avoids the commission of the crime attempted by abandoning the criminal effort and, if mere abandonment is insufficient to accomplish this avoidance, doing everything necessary to prevent the commission of the attempted crime."). Accordingly, we reject those assignments of error without further discussion.