Argued and submitted May 28, reversed and remanded October 1, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD ELMER VANDERZANDEN,
*Defendant-Appellant.*

Washington County Circuit Court
D115461T; A152270

337 P3d 150

Lindsey Burrows, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

GARRETT, J.

**GARRETT, J.**

Defendant and two companions, Black and Brown, traveled to a state forest in December 2011 to gather firewood. Black drove the three men in his truck. Defendant cut the firewood, and Brown loaded it into the truck. Black helped with the loading until it became too painful for him. He had a previous neck injury that was aggravated by driving on the rough road, changing a tire at the site, and loading the firewood. After several hours, Black wanted to leave because snow was beginning to fall and it would soon be dark. Black asked defendant to drive the truck because of his severe neck pain, lack of any cell phone service, and Brown's inability to use the truck's manual transmission. Defendant drove despite that his driver's license had been revoked. A sheriff's deputy stopped the vehicle on their return home.

Defendant was charged with driving while his license was revoked, in violation of ORS 811.182. At trial, defendant stipulated that he committed the act, but he raised the affirmative defense of necessity. The jury convicted defendant, and he was sentenced to three years of bench probation. On appeal, defendant raises two assignments of error regarding the trial court's jury instructions on the defense of necessity. Because we resolve the first assignment of error in defendant's favor, we reverse and remand.

In his first assignment of error, defendant argues that the trial court should have given the following jury instruction requested by defendant:

> "You do not need to find that the urgency of the circumstances actually made it necessary for the defendant to drive in order to acquit him; you only need to find that the defendant reasonably believed that the urgency of the circumstances made it necessary for him to drive."

The trial court declined to give defendant's requested instruction. Instead, the court gave the following instruction, which incorporated the uniform instruction on necessity:

> "To the charge of DRIVING WHILE REVOKED [defendant] has raised an affirmative defense that injury

or immediate threat of injury to a human being and the urgency of the circumstances made it necessary for him to drive a motor vehicle at the time and place in question.

"If he [proves] this affirmative defense then he is not GUILTY of the charge of DRIVING WHILE REVOKED.

"In this case to establish this affirmative defense [defendant] must prove by a preponderance of the evidence that:

"1. [Defendant] reasonabl[y] believed that there was an injury or an immediate threat of injury to a human being. And

"2. The urgency of the circumstances made it necessary for him to operate a motor vehicle at the time and place in question."

Defendant objected to the trial court's instruction, arguing that the second numbered part of the instruction was incorrect because it failed to frame the "urgency of the circumstances" in terms of defendant's "reasonable belief." Defendant's requested instruction, he contends, cured that deficiency.

A defendant is entitled to a jury instruction if the instruction correctly states the law and evidence in the record supports the instruction. *State v. Cruz-Gonzelez*, 256 Or App 811, 813, 303 P3d 983, *rev den*, 354 Or 61 (2013). Failure to give a requested instruction is not error if the trial court's instruction adequately covers the subject of the requested instruction. *Leiseth v. Fred Meyer, Inc.*, 185 Or App 53, 57, 57 P3d 914 (2002), *rev den*, 335 Or 443 (2003) (citing *State v. Tucker*, 315 Or 321, 332, 845 P2d 904 (1993). We reverse only if the instructional error prejudiced defendant. *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106, 957 P2d 147 (1998) (explaining that reversal is necessary "if the trial court's failure to give the requested instruction probably created an erroneous impression of the law in the minds of the members of the jury and if that erroneous impression may have affected the outcome of the case").

The difference between the instruction that defendant wanted and the instruction that the trial court gave is the reference, in the former, to defendant's "reasonable belief." To determine whether defendant was entitled to the

instruction that he requested, we turn first to the statute. The necessity defense that defendant raised at trial is codified at ORS 811.180(1)(a), which allows a defendant to avoid liability for driving while revoked, among other charges, if defendant proves the existence of "[a]n injury or immediate threat of injury to a human being or animal, and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question[.]"

Although the text of the statute frames the issue in purely objective terms, the Supreme Court has held that the defense applies if a defendant reasonably believes that there was an injury or threat of injury that, under the circumstances, required the defendant to drive a vehicle. *State v. Brown*, 306 Or 599, 606, 761 P2d 1300 (1988). The court in *Brown* explained that "a defendant's perception of circumstances that constitute an injury or immediate threat thereof has to be reasonable in all the circumstances" and "a defendant himself must reasonably have believed there to be such an injury or threat." *Id.* Furthermore, "*whether there was such urgency* is to be tested by the defendant's reasonable belief, and defendant's reasonable belief must be established by evidence of the same criteria as that concerning the reasonableness of a defendant's belief that there was injury or threat thereof." *Id.* at 607 (emphasis added).

On appeal, defendant argues that the trial court's instruction was incorrect and prejudicial because it only partially incorporated the "reasonable belief" component. That is, the first part of the trial court's instruction directed the jury to determine whether defendant reasonably believed that there was an "injury or immediate threat of injury to a human being." The second part, however, directed the jury to decide whether the "urgency of the circumstances made it necessary for [defendant] to drive a motor vehicle at the time and place in question," without reference to defendant's reasonable belief. Thus, defendant contends, even though he was entitled to acquittal under *Brown* if the jury found that he reasonably believed that the circumstances were sufficiently urgent to require him to drive, the instruction that the trial court gave allowed the jury to convict defendant if the jury made its own determination that the circumstances were not sufficiently urgent.

In response, the state argues: (1) that the trial court's instruction was not erroneous, and (2) that, even if the instruction was erroneous, defendant was not prejudiced by it. We reject both arguments.

The state's first contention is that the trial court's instruction was not erroneous because it adequately stated the law. The state points out that the necessity defense is codified at ORS 811.180(1)(a) and that the court's instruction "covered the statutory requirements." Acknowledging that *Brown* is what controls our analysis, the state next argues that the court in *Brown* was "focused" on a defendant's reasonable belief about the injury or threat of injury, not the urgency of the circumstances. The state's reading of *Brown* is incorrect. The Supreme Court held that the defendant's reasonable belief applies to *both* the "injury" prong and the "urgency" prong of the necessity defense. We disagree, therefore, with the state's argument that the trial court's instruction in this case "adequately covered" the subject matter. The trial court's instruction correctly stated the law only as to the first part of a two-part test. Moreover, by expressly framing the first part of the instruction in terms of defendant's "reasonable belief," and omitting any reference to reasonable belief in the second part of the instruction, the trial court's instruction implicitly created the impression that "reasonable belief" was not relevant to that part of the jury's deliberations.

The state's second argument is that, even if the instruction was incorrect, it did not prejudice defendant. Here, the state's entire argument rests on the fact that *defendant* "told the jury to consider whether defendant reasonably believed it was necessary to drive." Defendant's arguments to the jury, the state contends, assured that the jury "would not have had an erroneous impression of the law."

We reject the state's argument that defense counsel's arguments to the jury were an adequate substitute for a correct instruction given by the trial judge. *State v. Pierce*, 235 Or App 372, 377, 232 P3d 978 (2010) (noting that "counsel's arguments are no substitute for proper instructions"); *State v Brown*, 310 Or 347, 356, 800 P2d 259 (1990) ("[N]either the sufficiency of the evidence nor

the completeness of counsel's arguments concerning that evidence is a substitute for the sufficiency of the instructions."). Moreover, the record reveals that the trial court gave the jury a standard instruction that arguments and statements by the lawyers in the case were not "evidence." In effect, the state asks us to conclude that the jury would have given defendant's characterization of the law greater weight than the trial court's instructions.

In short, the trial court's jury instruction was incomplete and inaccurate under *Brown*. Defendant's requested instruction was a correct statement of the law and was supported by evidence in the record; the jury could reasonably have found that the circumstances (including the weather, the late hour, Black's neck injury, the lack of cell phone service, and Brown's inability to drive a manual transmission truck) led defendant to form a reasonable belief that it was necessary for him to drive. The trial court's failure to give defendant's requested instruction prejudiced him because the jury could have convicted defendant based on the jury's own assessment of the "urgency of the circumstances" rather than its assessment of what defendant reasonably believed at the time. The state's argument that defendant was not prejudiced by the trial court's instructional error because of what defendant's counsel argued to the jury is not plausible.

In his second assignment of error, defendant contends that the trial court erred when it refused to give the following jury instruction that defendant requested:

"The qualifying injury or threat of injury that the defendant believed was occurring need not be life threatening; it only has to be an injury that could cause pain to another person."

The trial court declined to give that instruction and instead gave the instruction described above, which referred to "injury or immediate threat of injury to a human being" without elaborating on the meaning of "injury." Defendant acknowledges that that language tracked the language in ORS 811.180(1)(a), but argues that clarification was needed under *State v. Haley*, 64 Or App 209, 667 P2d 560 (1983), which held that an injury need not be "life-threatening" in

order to qualify for the version of the statutory defense of necessity that existed at that time.[1] *Id.* at 215-16.

The state responds that the trial court correctly rejected defendant's requested instruction because that instruction contained an improper comment on the evidence and was potentially confusing. Here, we agree with the state. By its terms, defendant's requested instruction can be read to assume what was a central issue of fact in the case, namely, that there was a "qualifying injury or threat of injury that defendant believed was occurring." That is, the jury could have interpreted the phrase "that the defendant believed was occurring" as a directive from the court to conclude that defendant had such a belief, when the jury might otherwise have found that defendant did *not* have a reasonable belief as to any actual or immediate threat of injury. *See, e.g., Watson v. Miller,* 164 Or App 309, 316 n 3, 991 P2d 1083 (1999) (trial court did not err in refusing to give an instruction that would have directed the jury to reach a specific conclusion, when the jury could have reached a contrary conclusion from the evidence).

As to the first assignment of error, we agree with defendant that the trial court should have given defendant's requested instruction and that the failure to do so prejudiced defendant. As to the second assignment of error, we conclude that defendant was not entitled to his requested instruction.

Reversed and remanded.

---

[1] *Former* ORS 487.560(2)(a) (1981) *repealed by* Or Laws 1983, ch 338, § 978 provided, in pertinent part:

"(2) In a prosecution [for the crime of 'driving while suspended'] *** it is an affirmative defense that:

"(a) An injury or immediate threat of injury to human or animal life and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question[.]"

*Haley,* 64 Or App at 211. Neither party suggests that there is any material difference between *former* ORS 487.560(2)(a) and its recodification at ORS 811.180(1)(a) for purposes of the issues raised in this appeal.