Submitted August 23, 2016, affirmed August 2, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER JOHN MORENO,
aka PeterJohn Joshua Moreno,
aka Peterjohn Moreno,
*Defendant-Appellant.*

Jackson County Circuit Court
14CR02259, 14CR05274;
A157794 (Control), A157795

402 P3d 767

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Vanessa McDonald, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Shorr, Judge, and Sercombe, Senior Judge.

**SHORR, J.**

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160, harassment, ORS 166.065, resisting arrest, ORS 162.315, and interfering with a peace officer, ORS 162.247. His sole challenge on appeal is to his conviction for resisting arrest. Defendant contends that the trial court erred when it declined to give defendant's requested jury instruction on the choice of evils defense. We review the trial court's refusal to give the requested jury instruction for errors of law and, as explained below, affirm. *See State v. Oneill*, 256 Or App 537, 538, 303 P3d 944, *rev den*, 354 Or 342 (2013).

The following facts are undisputed. Jackson County Sheriff's Department Officers LaFord and Emel arrested defendant at his home. While the officers were transporting him to jail, the officers noticed that defendant had leaned over in his seat. When the officers tried to get his attention, defendant did not respond. As a result, LaFord and Emel stopped the patrol car on the side of the road to get defendant out of the car and called for an ambulance to transport him to the hospital for further medical evaluation. Defendant was subsequently medically cleared for transport and lodging in the jail. When leaving the hospital, defendant got into the back seat of the patrol car before the officers were able to handcuff him. Emel informed defendant that he needed to be handcuffed to ride in the back of the patrol car. Defendant asked the officers to "put [the handcuffs] in front of [him]." Defendant also put his arms out in front of him, to which the one of the officers responded, "We're not putting handcuffs in front, we have to put them behind. We'll put two sets of cuffs on[.]"[1] Defendant protested the use of the handcuffs on the basis that he had "cancer all over [his] arms and stuff" and told the officers "[y]ou can't put handcuffs on this arm."

Ultimately, defendant got out of the backseat, faced the patrol car, and put his hands behind his back. As Emel began to put the handcuffs on defendant, "defendant

---

[1] The reference to "two sets of cuffs" conveyed that the officers planned to link the sets of cuffs together, as they had previously, to allow more space between defendant's hands.

aggressively separated his hands, [and] turned his body." The officers told defendant to "stop resisting," and defendant attempted to lift and roll his shoulder backward, which LaFord characterized as "another form of aggression of not wanting to be handcuffed." LaFord was able to get defendant's right arm behind his back with his hand up. LaFord testified that he felt defendant stiffen his arm, although it was not to the point that LaFord could not control it. LaFord told defendant, "Stop resisting. Knock it off." After one of the officers told defendant that he was being charged with resisting arrest, defendant responded, "Oh yeah. I told you to quit twisting my arms. I have cancer everywhere." Ultimately, Emel was able to handcuff defendant and transport him to jail.

At trial, defendant's theory in defense of the charge of resisting arrest was that, due to his medical issues, when the officers handcuffed him to transport him from the hospital to jail, he responded the way that he did only to avoid serious pain and harm to his health. Based on that evidence, defendant sought to present the defense of choice of evils, ORS 161.200, which provides:

"(1)   Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a)   That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b)   The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.

"(2)   The necessity and justifiability of conduct under subsection (1) of this section shall not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder."

Defendant requested Uniform Criminal Jury Instruction (UCrJI) 1103, which states:

> "The defense of choice of evils has been raised. Conduct that would otherwise constitute an offense is justifiable and not criminal when:
>
> "(1) The defendant's conduct is necessary as an emergency measure to avoid an imminent injury; and
>
> "(2) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of the defendant's avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the law that makes [*insert charged crime*] a crime.
>
> "The burden of proof is on the state to prove beyond a reasonable doubt that this defense does not apply."

(Emphasis in original.) After the close of the evidence and prior to instructing the jury, the trial court declined to give UCrJI 1103 because it would be "unduly confusing to the jury." The jury found defendant guilty of, among other crimes, resisting arrest, ORS 162.315.[2] This appeal followed.

A defendant is entitled to a requested jury instruction if the instruction correctly states the law and is supported by sufficient evidence in the record. *State v. Vanderzanden*, 265 Or App 752, 754, 337 P3d 150 (2014). A defense to a criminal charge, such as choice of evils, should be withdrawn from the jury's consideration only if "there is no evidence in the record to support an element of the defense." *State v. Freih*, 270 Or App 555, 556, 348 P3d 324 (2015) (internal quotation marks

---

[2] ORS 162.315 provides, in relevant part:

"(1) A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest.

"(2) As used in this section:

"*****

"(c) 'Resists' means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes, but is not limited to, behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in actual physical injury to an officer. Passive resistance does not constitute behavior intended to prevent being taken into custody."

omitted). A defendant who requests a jury instruction on the choice of evils defense must show that their choice was not "inconsistent with some other * * * provision of law," and the evidence in the record must be sufficient for a jury to find that "(1) [the] defendant's conduct was necessary to avoid a threatened injury; (2) the threatened injury was imminent; and (3) it was reasonable for the defendant to believe that the need to avoid the threatened injury was greater than the potential injury of his illegal actions." *State v. Seamons*, 170 Or App 582, 586-87, 13 P3d 573 (2000); ORS 161.200.

If the jury instruction that a party requests "is not correct in all respects," there is no error in the trial court's refusal to give the instruction. *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106, 957 P2d 147 (1998). There is also no error in a trial court's refusal to give a jury instruction that is incomplete. *State v. Wan*, 251 Or App 74, 83, 281 P3d 662 (2012); *cf. Purdy v. Deere and Company*, 281 Or App 407, 421, 386 P3d 2 (2016), *rev den*, 361 Or 100 (2017) (concluding that it was error to give a particular jury instruction because it did not "completely and accurately" inform the jury of the parameters that it was to apply when considering particular evidence).

On appeal, defendant contends that the trial court erred when it refused to give UCrJI 1103 because, in his view, the instruction is both a correct and complete statement of the law and is supported by the evidence in the record. We conclude that, even assuming without deciding that there was evidence in the record to support defendant's proposed choice of evils instruction, his proposed instruction was not complete and, therefore, it was not error for the trial court to refuse to provide it to the jury.

The parties agree that UCrJI 1103 is a correct statement of the law as to the choice of evils defense; however, they dispute whether it was a *complete* statement of the law as it applies to this case. We understand defendant's argument as to the completeness of the instruction to be that, because physical force is not a necessary element of resisting arrest and because defendant's actions did not constitute physical force, the instruction was complete. In response, the state argues that, although the jury could have found that

defendant did not use physical force to resist arrest, given the facts of the case, the jury could have found the opposite. Therefore, according to the state, because UCrJI 1103 "did not inform the jury that, if it found that defendant had used physical force, the choice-of-evils defense would not apply," it was not a complete statement of the law. The state contends that the proposed instruction was not complete because it did not limit the jury's consideration of the defense to circumstances in which defendant did not use physical force.

To determine whether defendant's requested instruction was a complete statement of the law in these circumstances, we first consider the choice of evils statute, ORS 161.200. It begins: "(1) Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct that would otherwise constitute an offense is justifiable and not criminal[.]" In *State v. Clowes*, 310 Or 686, 698, 801 P2d 789 (1990), the court explained that "inconsistent with some other provision" means that "the legislature's decision prevails if and when it makes specific value choices," and "competing values which have been foreclosed by deliberate legislative choice are excluded from the general defense of justification." (Internal quotation marks and brackets omitted.)

The state argues that there is a relevant statute that demonstrates a "deliberate legislative choice" to foreclose the use of the choice of evils defense to a charge of resisting arrest in the circumstances of this case. The state points to ORS 161.260, a provision of the justification section of Oregon Laws 1971, chapter 743. ORS 161.260 states that "[a] person may not use physical force to resist an arrest by a peace officer who is known or reasonably appears to be a peace officer, whether the arrest is lawful or unlawful." We agree with the state that ORS 161.260 contains language that presents the type of deliberate legislative policy choice contemplated by *Clowes*. ORS 161.260 expressly prohibits a person from using physical force to resist arrest by an officer who is known or reasonably appears to be a peace officer. Thus, a defendant who uses physical force to resist arrest under the conditions set forth in ORS 161.260 may not successfully rely on a defense of choice of evils.

Because we conclude that a defendant who uses physical force to resist arrest under the conditions set forth in ORS 161.260 may not present the defense of choice of evils, we next consider what constitutes physical force. In a different context, we have previously defined physical force as the "actual use of strength or power" as opposed to "actual but incidental physical contact." *State v. Kreft*, 270 Or App 150, 153, 346 P3d 1294 (2015) (internal quotation marks omitted).[3] *Black's* defines "physical force" as "[f]orce consisting in a physical act" and defines "force" as "[p]ower, violence, or pressure directed against a person or thing." *Black's Law Dictionary* 760 (10th ed 2014). In *State v. Remsh*, 221 Or App 471, 477, 190 P3d 476 (2008), we concluded that the evidence was sufficient to show that the defendant used physical force to resist arrest when, after the defendant was under arrest, he stated, "'I'm not going to play this game,'" jerked away, and the officer had to grab hold of the defendant's entire body to prevent him from leaving. Similarly, in *State v. Allison*, 104 Or App 149, 151, 799 P2d 676 (1990), we concluded that a "rational trier of fact could find that clutching a steering wheel while one's body is being pulled the other direction involves the use of physical force."

To reach a conclusion whether defendant's requested jury instruction was complete, we must determine whether there was evidence of defendant's actions from which the jury could conclude that he used physical force as we have described it above. *See Wan*, 251 Or App at 84 (determination as to whether a jury instruction was complete depended on the law and the facts of the case). In this case, defendant "aggressively" separated his hands, turned around, attempted to lift and roll one shoulder backward, and tensed his arm when LaFord tried to put the handcuffs on him. LaFord testified that, although he could feel defendant stiffening his arm as LaFord held on to it, it was "not to where [LaFord] couldn't control it." Applying our prior

---

[3] For the purpose of the criminal code, ORS 161.015(6) defines "physical force" in a manner that is neither particularly illuminating for the purpose of this case, nor limiting in its scope. It states that "'physical force' includes, but is not limited to, the use of an electrical stun gun, tear gas, or mace." ORS 161.015(6). That definition of physical force was added to the criminal code in 1995 when the legislature, in the same bill, defined several new crimes that involved the use of stun guns, tear gas, or mace. Or Laws 1995, ch 651, §§ 1-5.

characterization of physical force as the "actual use of strength or power," we determine that there was evidence from which a jury could conclude that defendant used physical force to resist arrest.[4]

Given our conclusion that the evidence presented at trial raises an issue of fact as to whether defendant used physical force to resist arrest, we also conclude that defendant's requested jury instruction on the choice of evils defense was not a complete statement of the law. Defendant's proposed instruction did not inform the jury that it could consider the choice of evils defense in this case only if it determined that defendant did not use physical force to resist arrest by an officer who was known or reasonably appeared to be a peace officer. ORS 161.260; *see Purdy,* 281 Or App at 421 (trial court erred in giving an instruction that was incomplete because it informed the jury how to take evidence into consideration if the jury reached one conclusion on the facts, but did not similarly instruct the jury on how to consider that evidence if they came to the opposite, yet possible, conclusion). Defendant's requested instruction would have allowed the jury to both find that defendant used physical force to resist arrest and apply the choice of evils defense. Given our conclusion that a defendant may not assert the choice of evils defense in circumstances when the defendant uses physical force, that requested instruction was an incomplete statement of the law. The trial court did not err in refusing to give the instruction.

Affirmed.

---

[4] When a court concludes as a matter of law that a defendant's actions were "inconsistent" with the criminal code or some other provision of law, the defendant would not be entitled to the choice of evils instruction or defense under ORS 161.200. *See Clowes,* 310 Or at 698-99 (affirming the trial court's decision to refuse to permit the defendant to present a choice of evils defense to the jury where the court concluded that the defendant was not entitled to the defense as a matter of law).