No. 186 March 27, 2024 585

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY ALEX WHITELEY,
*Defendant-Appellant.*

Lane County Circuit Court
21CR03245, 20CR30970, 22CR13632;
A179451 (Control), A179452, A179936

Charles D. Carlson, Senior Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

In Case No. 21CR03245, Counts 1 and 2 reversed and remanded; otherwise affirmed. In Case No. 20CR30970, reversed. In Case No. 22CR13632, affirmed.

**POWERS, J.**

In this consolidated criminal appeal, defendant assigns error to the trial court's refusal to give a choice of evils jury instruction. In Case No. 21CR03245, defendant appeals from a judgment of conviction for felony driving while suspended or revoked (DWS) and felony driving under the influence of intoxicants (DUII).[1] In Case No. 20CR30970, the trial court entered a judgment revoking probation after concluding that defendant failed to obey all laws and violated the condition prohibiting the use or possession of controlled substances based on the jury's guilty verdicts in Case No. 21CR03245, and defendant argues that, if we reverse the judgment in the DWS and DUII case, he is also entitled to reversal of the probation violation judgment. In addition, defendant filed a notice of appeal in Case No. 22CR13632, but he does not assign error to any rulings in that case; we therefore affirm the judgment in that case. As explained below, we reverse and remand in Case No. 21CR03245 and reverse in Case No. 20CR30970 because the trial court erred in failing to give the choice-of-evils instruction.

We review a trial court's refusal to give a requested jury instruction for legal error, viewing the record in the light most favorable to the requesting party. *State v. Paul*, 289 Or App 408, 409, 410 P3d 378 (2017). A defendant is entitled to have the jury instructed on a defense if the instruction correctly states the law and if there is any evidence to support the presence of each element of the defense. *State v. Moreno*, 287 Or App 205, 209, 402 P3d 767 (2017); *see also State v. Phillips*, 317 Or App 169, 174 n 1, 503 P3d 1282 (2022) (explaining that choice of evils is not an affirmative defense and that the state has the burden of disproving the defense beyond a reasonable doubt whenever a defendant raises the defense by either pretrial notice or by presenting evidence in the defendant's case-in-chief, which is the situation in this case). That is, "[a] defense to a criminal charge, such as choice of evils, should be withdrawn from the jury's consideration only if there is no evidence in the record to

---

[1] Defendant was also charged with reckless driving. He was acquitted on that charge.

support an element of the defense." *Moreno*, 287 Or App at 209 (internal citation and quotation marks omitted).

ORS 161.200 provides the statutory elements for the defense of choice of evils:

"(1)  Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a)  That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b)  The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.

"(2)  The necessity and justifiability of conduct under subsection (1) of this section shall not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder."

That defense is available even when the injury sought to be avoided is to property. *State v. Olson*, 79 Or App 302, 305, 719 P2d 55 (1986). We have explained that for the choice-of-evils defense, there must be evidence that the defendant's conduct was necessary to avoid a threatened injury, that the threatened injury was imminent, and that it was reasonable for the defendant to believe that the need to avoid the threatened injury was greater than the need to avoid the injury that the violated statute seeks to prevent. *State v. McPhail*, 273 Or App 42, 49, 359 P3d 325 (2015), *rev den*, 358 Or 529 (2016).

Consistent with our standard of review described above, we set out the relevant facts to defendant's challenge on appeal. At trial, defendant testified that his driving privileges were suspended. He had purchased a van from a friend with the intention of living in it. Defendant was moving his property from a friend's house to the van in stages.

He explained that he was moving the property in stages so that he could keep his eyes on it.

The van was parked on the street near a residence in Cottage Grove. A resident of that home, Cooley, approached defendant. Cooley acted friendly, but he whispered in defendant's ear that he would call the police if defendant did not move the van. Defendant became worried for his safety, believing that Cooley was threatening him. He perceived Cooley as "aggressive" and thought that it looked like Cooley had a gun in his waistband. Defendant decided to drive the van a short distance for his safety and to protect his property. He felt that he had to drive the van to get "out of a violent situation" and to "get out of trouble in *** that area." He had a "fight or flight response," and he was in fear for his life.

Calling the police to report defendant, Cooley made statements to the 9-1-1 dispatcher that corroborated defendant's perception of Cooley as threatening. Cooley told the dispatcher that he had a handgun and that he "should take care of this" himself.

An officer arrived and saw defendant begin driving the van. Defendant drove under five miles per hour. The officer pulled defendant over for a traffic violation and eventually arrested him for DUII and DWS. Defendant did not know that a police officer was there when he decided to drive. In hindsight, had he known that the officer was there at the time, defendant testified that he would not have driven and acknowledged that he could have gone to the officer for help instead.

From that evidence, defendant argued that a jury could find that he believed that moving the van was reasonably necessary for him to avoid a threatened injury to himself or his property by Cooley, that the threatened injury was imminent, and that it was reasonable for defendant to believe that the need to avoid the threatened injury was greater than the harm of his driving while intoxicated and suspended or revoked. Defendant renews those arguments on appeal.

The state remonstrates that the record does not contain sufficient evidence for a rational factfinder to find

that defendant's criminal conduct was necessary or that his belief that a threat of injury existed was reasonable. In support of that argument, the state quotes testimony by defendant that undermined his defense. For example, the state points to defendant's testimony that, had he known that the officer was there, he would not have driven because the "whole idea was not to get caught." The state also highlights that defendant agreed on cross-examination that he could have "walked away" or could have done "any number of things" other than drive the van. The difficulty with the state's argument is that that is not the only way to view the evidence.

The state's view of the evidence is not consistent with our standard of review. Viewing the evidence in the light most favorable to defendant, a reasonable factfinder could find the necessary elements of the defense. Although it is true that defendant's testimony, primarily on cross-examination, could undermine his defense at times by contradicting some of his direct examination testimony, no legal principle compels the factfinder to believe defendant's most damaging admissions on cross-examination and to disbelieve his testimony that supports his defense. Again, our task is to view the evidence in the light most favorable to the proponent of the instruction. In that light, defendant encountered a man, Cooley, who appeared to have a firearm in his waistband and who seemed friendly but then whispered in defendant's ear that he was going to call the police in a way that defendant found threatening. Defendant was worried about his safety and his property. He did not realize that a police officer was parked nearby. He felt it was necessary to drive a short distance, which he did at a very low speed, to get "out of a violent situation." That was an approach that would minimize the threat of harm from defendant driving while suspended and driving while under the influence. There was also independent evidence that Cooley had a handgun and might have been considering taking care of the situation himself in some way. In sum, viewing the record consistently with our standard of review, there was sufficient evidence in the record to support each element of the choice-of-evils defense. Thus, the trial court erred by not giving the instruction.

Moreover, given that there was evidence to support the defense, which would have applied to both counts, we cannot conclude that the failure to give the choice-of-evils jury instruction had little likelihood of affecting the verdict. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (explaining that, under Article VII (Amended), section 3, of the Oregon Constitution, an appellate court will affirm a judgment if there is "little likelihood that the particular error affected the verdict" and that the focus is on "the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling"). Accordingly, we reverse and remand both Counts 1 and 2.

Finally, because the trial court concluded in Case No. 20CR30970 that defendant violated his probation based on his convictions in Case No. 21CR03245, we also reverse that judgment.

In Case No. 21CR03245, Counts 1 and 2 reversed and remanded; otherwise affirmed. In Case No. 20CR30970, reversed. In Case No. 22CR13632, affirmed.